**The document below is hereby signed.**

**Dated: April 22, 2012.**



_____
S. Martin Teel, Jr.
U.S. Bankruptcy Judge

```
                 UNITED STATES BANKRUPTCY COURT
                  FOR THE DISTRICT OF COLUMBIA

In re                           )
                                )
WANDA RHEA WITHERS,             )   Case No. 97-02394
                                )   (Chapter 7)
              Debtor.           )   Not for publication in
                                )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER REGARDING UNITED
STATES DEPARTMENT OF EDUCATION'S MOTION FOR SUMMARY JUDGMENT

The debtor Withers has sought to hold the United States Department of Education in contempt for violating the discharge injunction by attempting to collect student loan debts owed by Withers, asserting her belief that the debts were dischargeable under the version of 11 U.S.C. § 523(a)(8) applicable to her bankruptcy case, which, in pertinent part, provided that a student loan guaranteed by governmental agency was dischargeable if the loan:

> first became due more than 7 years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition.

11 U.S.C. § 523(a)(8)(A) (1997). Withers asserts that the debts became due seven years prior to the commencement of her bankruptcy case. By only contending that the loans are

dischargeable under § 523(a)(8) because they were in payment status for more than seven years, Withers can be treated as acknowledging that the student loans are otherwise subject to being nondischargeable if they were in payable status (non-suspended payment status) for less than seven years before she filed her bankruptcy case.

In opposition to Withers' contempt motion, the Department of Education has filed a motion for summary judgment, contending that the debts at issue are nondischargeable under § 507(a)(8) because the periods after the loans came due, and during which collection of the loans was not suspended, total less than seven years.  The motion for summary judgment is based on an affidavit of Lola Hom, a loan analyst at the Department of Education.  It sets forth:

<u>Wanda R. Wither's Loan History</u>:

| Loan Type | School | Disbursement Date | Amount |
|---|---|---|---|
| GSL Debt 4001 | Howard Univ. | 03/20/1987 | $5,000.00 |
| GSL Debt 4102 | Howard Univ. | 11/18/1987 | $7,500.00 |
| SLS Debt 4203 | Howard Univ. | 08/26/1987 | $4,000.00 |

It then recites that Withers filed this case on December 15, 1997, preceded by other bankruptcy cases filed in 1994 and 1997. It then concludes by stating:

> 5. Department records show that Ms. Wither's requested and was granted a total of 1247 of deferment, forbearance and bankruptcy suspension days for the SLS loan.  Based on this, the SLS loan was in repayment for only six years, two months and six days.

>     6.  For the GSL loans, Department records show
> that Ms. Wither's requested and was granted a total of
> 1091 days of deferment, forbearance and bankruptcy
> suspension. Based on this, the GSL loans were in
> repayment for only six years and 21 days.
>
>     7.  The Department responded to Ms. Wither's claim
> in a letter dated August 27, 2009 as to why the loans
> were non-dischargeable (see Exhibit one - August 27,
> 2009 letter).

The letter of August 27, 2009, attached to the affidavit is, of course, hearsay.  The affidavit includes none of the records purporting to show how many days collection of the debts was suspended, and the affidavit's statement in that regard is inadmissible as a conclusory statement and is inadmissible based on the best evidence rule.  The court, however, can take judicial notice of the debtor's prior bankruptcy cases, but according to the Department, those resulted in collection being suspended by reason of the automatic stay for 96 and 118 days, respectively, a total of 214 days.  That would not suffice to make the period during which collection of the loans was not suspended equal to or less than seven years.  Accordingly, standing on its own, without consideration of later developments in the proceeding, the motion for summary judgment cannot be granted.

After the Department of Education filed its motion for summary judgment, the court directed the Department to supply to Withers the records upon which Hom's relied in concluding that the loans had been in payable status for less than seven years. Although the Department did supply those records to Withers, that

3

would not cure the deficiency in the motion for summary judgment, but I had hoped that in responding to the motion for summary judgment, Withers would append to her opposition the documents that the Department had provided to her. Withers has filed a motion for leave to file a late opposition to the motion for summary judgment, and I will permit the late filing in order to see if Withers' opposition admits facts that would permit me to grant summary judgment in favor of the Department.

In opposition to the motion for summary judgment, Withers contends, first, that an adversary proceeding was necessary in order to obtain a determination of the dischargeability of the student loan debts. By filing a motion for contempt, however, she commenced a contested matter in which she must show that the debt was discharged in order to hold the Department in civil contempt. The issue of dischargeability is properly before the court without the necessity of the filing of an adversary proceeding.

Withers' opposition, like the motion for summary judgment, fails to append the records upon which Hom relied in forming the conclusion stated in her affidavit. Withers argues that:

> Neither the Declaration nor the documents produced in support of it would be admissible evidence to prove DOE's claim that the loans were not due for seven (7) years . . . . Some of the records were not kept by DOE . . . Lola Hom is neither the custodian of the records relied upon nor the supplier of the information contained in those records. She can give no assurances of trustworthiness regarding the records or information as

4

> required by *Rule 902(11), (12)* of the *Federal Rules of Evidence*. The Declaration would not be admissible to support DOE's claim.
>
> The documents produced by DOE are copies of the records reviewed by Lola Hom. The copies are uncertified. Some are of unclear origin, none identify the custodian or preparer, many are illegible and incomplete. The information in one record often contradicts that in another. They are confusing and a review of those records could not possibly produce and accurate or reliable result.

Withers has not set forth what she believes is an accurate list of the periods during which the collection of the student loans was suspended, and a detailed calculation of the amount of time that collection was suspended. Although she points to what she believes are discrepancies in some of the records that were provided to her, she has not set forth what she believes is an accurate statement of the periods during which collection was suspended. She merely asserts that the loans were in payable status for more than seven years.

The case law is split as to who bears the burden of showing that the student loan was or was not in payable status for more than seven years. Some place the burden on the creditor. *See, e.g., In re Roe*, 226 B.R. 258, 268 (Bankr. N.D. Ala. 1998):

> Where, as in the present case, the debtor seeks a discharge of debts pursuant to § 523(a)(8)(B), the creditor bears the initial burden of establishing: (1) existence of a student loan debt, (2) which is owed to, insured by, or guaranteed by a governmental agency or nonprofit institution, and (3) which first became payable less than seven years prior to the date of the filing of the petition. [Footnote:] *Santa Fe Medical Services, Inc. v. Segal (In re Segal)*, 57 F.3d 342 (3d Cir. 1995); *Halverson v. Pennsylvania Higher Education Assistance*

5

>   *Agency (In re Halverson)*, 189 B.R. 840 (Bankr.N.D.Ala.1995); *United States v. McGrath*, 143 B.R. 820 (D. Md. 1992), *aff'd*, 8 F.3d 821 (4th Cir. 1993); *Koch v. Pennsylvania Higher Educ. Assistance Agency (In re Koch)*, 144 B.R. 959 (Bankr. W.D. Pa. 1992); *Cadle-Company v. Webb (In re Webb)*, 132 B.R. 199 (Bankr. M.D. Fla. 1991); *D'Ettore v. Devry Inst. of Tech. (In re D'Ettore)*, 106 B.R. 715 (Bankr. M.D. Fla. 1989); *Coleman v. Higher Educ. Assistance Found. ( In re Coleman )*, 98 B.R. 443 (Bankr. S.D. Ind. 1989). *See* Raymond L. Woodcock, *Burden of Proof, Undue Hardship, and Other Arguments for the Student Debtor Under 11 U.S.C. § 523(a)(8)(B)*, 24 J.C. & U.L. 377, 393 (1998); Darrell Dunham and Ronald A. Buch, *Educational Debts Under the Bankruptcy Code*, 22 Mem. St. U.L.Rev. 679, 688 (1992).

Other decisions take a contrary view. *See, e.g., In re Chisari*, 183 B.R. 963, 967 (Bankr. M.D. Fla. 1995) ("The debtor has the burden of proving that such debt is outside the seven-year period prescribed by the statute. *Cf., Bachner v. People of the State of Illinois, ex rel. Illinois Student Assistance Commission (In re Bachner)*, 165 B.R. 875, 880–81 (Bankr. N.D. Ill. 1994) (burden is on debtor to prove that the loan first became due more than 7 years from the date of filing). *Contra*, *D'Ettore*, *supra*."). For the reasons that follow, it is unnecessary to decide for purposes of this motion for summary judgment who will bear the burden of proof at trial on the seven-year issue.

If the burden of proof will be on the Department, it has not carried its burden of showing that the loans were in payable status for no more than seven years. If the burden of proof will be on Withers, then, at trial, the statements she made in the opposition she filed to the motion for summary judgment would not

6

suffice to carry her burden of proof.  Nevertheless, even if one assumes that Withers bears the burden of proof, the court cannot grant summary judgment at this juncture.  Although the Department is not required to submit evidence negating Withers' ability to prove the loans were in payable status for more than seven years to discharge its burden in seeking summary judgment as to any issue upon which Withers bears the burden of proof, the Department must at least "point[ ] out to the [court] that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The Department has neither shown affirmatively that the loans were in payable status for less than (or no more than) seven years, nor shown that Withers is unable to come up with evidence to show that the loans were in payable status for more than seven years.

    Accordingly, it is

    ORDERED that the United States Department of Education's motion for summary judgment is denied without prejudice to filing a new motion for summary judgment.  It is further

    ORDERED that a further scheduling conference in this matter will be held on June 6, 2012 at 10:30 a.m.

                                [Signed and dated above.]

Copies to: Recipients of e-notification;

Wanda R. Withers
559 Kipp Street
Teaneck, NJ 07666